LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
Jonathan D. Selbin (State Bar No. 170222)
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: (212) 355-9500
Facsimile: (212) 355-9592

LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
Daniel M. Hutchinson (State Bar No. 239458)
275 Battery Street, 29th Floor
San Francisco, California 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

MEYER WILSON CO., LPA
Matthew R. Wilson (State Bar No. 290473)
Michael J. Boyle, Jr. (State Bar No. 258560)
1320 Dublin Road, Ste. 100
Columbus, Ohio 43215
Telephone: (614) 224-6000
Facsimile: (614) 224-6066

*Attorneys for Plaintiff Emily Wolf and the
Proposed Class*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILY WOLF, on behalf of herself and all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>LYFT, INC.,<br><br>        Defendant. | Case No. 3:15-cv-1441<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. § 227 ET SEQ. (TELEPHONE CONSUMER PROTECTION ACT)**<br><br>CLASS ACTION<br><br>JURY TRIAL DEMANDED |

Plaintiff Emily Wolf (hereinafter referred to as "Plaintiff"), individually and on

behalf of all others similarly situated, alleges on personal knowledge, investigation of her

counsel, and on information and belief as follows:

## NATURE OF ACTION

1.    Plaintiff brings this action for damages, and other legal and equitable

remedies, resulting from the illegal actions of Lyft, Inc. ("Lyft") in contacting Plaintiff and Class

members on their cellular telephones via text message without their prior express consent within

the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (hereinafter referred to as the "TCPA"). Lyft has violated the TCPA by contacting Plaintiff and Class members on their cellular telephones with a text message via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), without their prior express consent within the meaning of the TCPA.

2.     Plaintiff brings this action for injunctive relief and statutory damages resulting from Lyft's illegal actions.

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005 ("hereinafter referred to as CAFA") codified as 28 U.S.C. 1332(d)(2). The matter in controversy exceeds $5,000,000, in the aggregate, exclusive of interest and costs, as each member of the proposed Class of thousands is entitled to up to $1,500.00 in statutory damages for each call that has violated the TCPA. Further, Plaintiff alleges a national class, which will result in at least one Class member from a different state.

4.     This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq.*

5.     Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1441(a), because Defendant is a Delaware corporation with its principal place of business located in San Francisco, California; Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced; and Defendant's contacts with this District are sufficient to subject it to personal jurisdiction.

## PARTIES

6.     Plaintiff Wolf is, and at all times mentioned herein was, an individual citizen of the State of Maryland.

7.     Lyft is a Delaware corporation, which maintains its principal place of business in San Francisco, California.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

## (TCPA), 47 U.S.C. § 227

8.      In 1991, Congress enacted the TCPA,[1] in response to a growing number of consumer complaints regarding certain telemarketing practices.

9.      The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers."  Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[2]

10.      According to findings by the FCC, the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.[3]

11.      On July 3, 2003, the FCC released a Declaratory Ruling wherein it confirmed that the TCPA's definition of a "call," for purposes of the limitations on the use of an autodialer, "encompasses both voice calls and text calls to wireless numbers including, for example, short message service (SMS) calls...."[4]

12.      On February 15, 2012, the FCC released a Declaratory Ruling wherein it clarified that a party must obtain *prior express written consent* from the recipient prior to making automated telemarketing calls to the recipient's cellular telephone.[5]

13.      On May 9, 2013, the FCC released a Declaratory Ruling holding that a corporation or other entity that contracts out its telephone marketing "may be held vicariously liable under

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA).  The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 *et seq.*

[2] 47 U.S.C. § 227(b)(1)(A)(iii).

[3] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

[4] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Report and Order* ("2003 FCC Declaratory Ruling"), 18 FCC Rcd. 14014, 14115 (July 3, 2003).

[5] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* ("2012 FCC Declaratory Ruling"), 27 F.C.C.R. 1830, 27 FCC Rcd. 1830, 55 Communications Reg. (P&F) 356, 2012 WL 507959 (Feb, 15, 2012), at ¶ 2.

- 3 -                    COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
CASE NO. 3:15-CV-1441

1    federal common law principles of agency for violations of . . . section 227(b) . . . that are

2    committed by third-party telemarketers."[6]

3        14.    More specifically, the May 2013 FCC Ruling held that, even in the absence of

4    evidence of a formal contractual relationship between the seller and the telemarketer, a seller is

5    liable for telemarketing calls if the telemarketer "has apparent (if not actual) authority" to make

6    the calls.[7]

7                                **FACTUAL ALLEGATIONS**

8        15.    At all times relevant, Plaintiff Wolf was an individual residing in the State

9    of Maryland.  However, from 2010 to 2014, Plaintiff resided in Philadelphia, Pennsylvania.

10       16.    Plaintiff is, and at all times mentioned herein was, a "person" as defined by

11   47 U.S.C. § 153(39).

12       17.    On January 30, 2015, Plaintiff received an SMS text message from

13   telephone number (650) 300-4522 on her cellular telephone.  The message read:

14           "Congrats, you're now a Lyft Pioneer! Help us build the

15           community and enjoy 20 free rides in Philadelphia (up to $20 each)

16           over the next 15 days."

17       18.    Prior to receiving this message, Plaintiff had no absolutely no connection

18   with Lyft.  She has never used any products or services provided by Lyft.

19       19.    At no time did Plaintiff provide her prior express written consent, or any

20   other form of consent, to Lyft to receive any marketing text messages or calls.

21       20.    At no time did Plaintiff provide her cellular telephone number to Lyft.

22   Plaintiff has no idea how Lyft, or an agent of Lyft, acquired her cellular telephone number.

23       21.    Lyft is, and at all times mentioned herein was, a "person", as defined by

24   47 U.S.C. § 153(39).

25

26   _____
     [6] *In the Matter of The Joint Petition Filed by DISH Network, LLC, the United States of America,
27   and the States of California, Illinois, North Carolina, and Ohio for Declaratory Ruling
     Concerning the Telephone Consumer Protection Act (TCPA) Rules, et al*. ("May 2013 FCC
     Ruling"), CG Docket No. 11-50, 28 F.C.C.R. 6574, 6574 (¶ 1) (May 9, 2013).
28   [7] May 2013 FCC Ruling, 28 F.C.C.R. at 6586 (¶ 34).

22.     On information and belief, the SMS message sent on behalf of Lyft to Plaintiff on her cellular telephones was made via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1).

23.     The telephone number that Lyft or its agents texted to contact Plaintiff by an "automatic telephone dialing system," was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

24.     The SMS text message sent by or on behalf of Lyft to Plaintiff's cellular phone was not "for emergency purposes" as described in 47 U.S.C. § 227(b)(1)(A).

25.     The SMS text message sent on behalf of Lyft to Plaintiff's cellular phone placed by an "automatic telephone dialing system" for non-emergency purposes and in the absence of Plaintiff's prior express written consent violated 47 U.S.C. § 227(b)(1)(A).

26.     Under the TCPA and pursuant to the FCC's 2012 Declaratory Ruling, the burden is on Lyft to demonstrate that Plaintiff provided express consent within the meaning of the statute.[8]

## CLASS ACTION ALLEGATIONS

27.     Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated (hereinafter referred to as "the Class").

28.     Plaintiff proposes the following Class definition, subject to amendment as appropriate:

> All persons within the United States who, on or after October 16, 2013, received a SMS text message to a cellular telephone advertising membership in the "Lyft Pioneer" program, and for whom Lyft cannot demonstrate prior express written consent.

Collectively, all these persons will be referred to as "Class members."  Plaintiff represents, and is a member of, the Class.  Excluded from the Class are Lyft and any entities in which Lyft has a controlling interest, Lyft's agents and employees, any Judge to whom this action is assigned and any member of such Judge's staff and immediate family, and claims for personal injury, wrongful death and/or emotional distress.

---

[8] *See* 2012 Declaratory Ruling, 27 F.C.C.R. at 1844 (¶33).

29.     Plaintiff does not know the exact number of members in the Class, but based upon the representations of Lyft as to its market share, Plaintiff reasonably believes that Class members number at minimum in the thousands.

30.     Plaintiff and all members of the Class have been harmed, and their privacy invaded, by the acts of Lyft.

31.     This Class Action Complaint seeks injunctive relief and money damages. The FCC has recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[9]

32.     The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.  The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.  The Class can be identified easily through records maintained by Lyft and/or its agents.

33.     There are well defined, nearly identical, questions of law and fact affecting all parties.  The questions of law and fact involving the class claims predominate over questions which may affect individual Class members.  Those common questions of law and fact include, but are not limited to, the following:

a.     Whether Lyft sent non-emergency SMS text messages to Plaintiff and Class members' cellular telephones;

b.     Whether Lyft can meet its burden of showing it obtained prior express written consent to send SMS text messages for telemarketing purposes;

c.     Whether Lyft's conduct was knowing and/or willful;

d.     Whether Lyft is liable for damages, and the amount of such damages; and

e.     Whether Lyft should be enjoined from engaging in such conduct in the future.

34.     As a person who received SMS text messages, without her prior express written consent within the meaning of the TCPA, Plaintiff asserts claims that are typical of each

---

[9] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

1  Class member.  Plaintiff will fairly and adequately represent and protect the interests of the Class,

2  and has no interests which are antagonistic to any member of the Class.

3       35.     Plaintiff has retained counsel experienced in handling class action claims

4  involving violations of federal and state consumer protection statutes, including claims under the

5  TCPA.

6       36.     A class action is the superior method for the fair and efficient

7  adjudication of this controversy.  Classwide relief is essential to compel Lyft to comply with the

8  TCPA.  The interest of Class members in individually controlling the prosecution of separate

9  claims against Lyft is small because the statutory damages in an individual action for violation of

10 the TCPA are relatively small.  Management of these claims is likely to present significantly

11 fewer difficulties than are presented in many class claims because the texts at issue are all

12 automated and the Class members, by definition, did not provide their prior express consent

13 required under the statute to authorize calls/texts to their cellular telephones.

14      37.     Lyft has acted on grounds generally applicable to the Class, thereby

15 making final injunctive relief and corresponding declaratory relief with respect to the Class as a

16 whole appropriate.  Moreover, on information and belief, Plaintiff alleges that the TCPA

17 violations complained of herein are substantially likely to continue in the future if an injunction is

18 not entered.

19                    **CAUSES OF ACTION**

20                      **FIRST COUNT**

21    **KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE
      CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ.***
22

23      38.     Plaintiff incorporates by reference the foregoing paragraphs of this

24 Complaint as if fully stated herein.

25      39.     The foregoing acts and omissions of Lyft constitute numerous and

26 multiple knowing and/or willful violations of the TCPA, including but not limited to each of the

27 above-cited provisions of 47 U.S.C. § 227 *et seq.*

28

40.     As a result of Lyft's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and each member of the Class are entitled to treble damages of up to $1,500.00 for each and every SMS text message in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

41.     Plaintiff and all Class members are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Lyft in the future.  Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

## SECOND COUNT

### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 *ET SEQ.*

42.     Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

43.     The foregoing acts and omissions of Lyft constitute numerous and multiple violations of the TCPA, including but not limited to each of the above cited provisions of 47 U.S.C. § 227 *et seq.*

44.     As a result of Lyft's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and Class members are entitled to an award of $500.00 in statutory damages for each and every SMS text message in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

45.     Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting Lyft's violation of the TCPA in the future.

46.     Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all Class members the following relief against Defendant:

A.     Injunctive relief prohibiting such violations of the TCPA by Lyft in the future;

B.     As a result of Lyft's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member treble damages, as provided by statute, of up to

1 | $1,500.00 for each and every SMS text message that violated the TCPA;

2 |       C.     As a result of Lyft's violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself

3 | and each Class member $500.00 in statutory damages for each and every SMS text message that

4 | violated the TCPA;

5 |       D.     An award of attorneys' fees and costs to counsel for Plaintiff and the Class;

6 |       E.     An order certifying this action to be a proper class action pursuant to Federal Rule

7 | of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems

8 | appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the

9 | lawyers and law firms representing Plaintiff as counsel for the Class;

10 |       F.     Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated: March 30, 2015          Respectfully submitted,

By: */s/ Jonathan D. Selbin*
    Jonathan D. Selbin

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
Jonathan D. Selbin (State Bar No. 170222)
Email:  jselbin@lchb.com
250 Hudson Street, 8th Floor
New York, NY  10013
Telephone:  (212) 355-9500
Facsimile:  (212) 355-9592

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
Daniel M. Hutchinson (State Bar No. 239458)
Email:  dhutchinson@lchb.com
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  415.956.1000
Facsimile:  415.956.1008

1

MEYER WILSON CO., LPA
Matthew R. Wilson (State Bar No. 290473)

2

Email:  mwilson@meyerwilson.com
Michael J. Boyle, Jr. (State Bar No. 258560)

3

Email:  mboyle@meyerwilson.com
1320 Dublin Road, Ste. 100

4

Columbus, Ohio 43215
Telephone:  (614) 224-6000

5

Facsimile:  (614) 224-6066

6

7

*Attorneys for Plaintiff Emily Wolf and the Proposed Class*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF
CASE NO. 3:15-CV-1441