MAYER BROWN LLP
John P. Zaimes (SBN 91933)
 *jzaimes@mayerbrown.com*
Ruth Zadikany (SBN 260288)
 *rzadikany@mayerbrown.com*
350 South Grand Avenue, 25th Floor
Los Angeles, CA 90071
Telephone: (213) 229-9545
Facsimile: (213) 625-0248

MAYER BROWN LLP
Archis A. Parasharami (DC Bar No. 477493)
(admitted *pro hac vice*)
 *aparasharami@mayerbrown.com*
1999 K Street NW
Washington, DC 20006
Telephone: (202) 263-3000
Facsimile: (202) 263-3300

Attorneys for Defendant,
LYFT, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILY WOLF, on behalf of herself and all others similarly situated,<br><br>             Plaintiff,<br><br>        v.<br><br>LYFT, INC.,<br><br>             Defendant. | Case No. 4:15-cv-01441-JSW<br><br>**LYFT, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS OR STAY ACTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:   July 31, 2015<br>Time:   9:00 a.m.<br>Courtroom: 5, 2nd Floor<br><br>Honorable Jeffrey S. White<br><br>[Declaration of Ruth Zadikany and [Proposed] Order Filed Concurrently Herewith] |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT, on July 31, 2015 at 9:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Jeffrey S. White, in Courtroom 5, 2nd floor of the United States District Court for the Northern District of California, located at 1301 Clay Street, Oakland, California 94612, Defendant Lyft, Inc. ("Lyft") will, and hereby does, move to dismiss this action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) or, in the alternative, to stay this action pending the Supreme Court's decision in *Campbell-Ewald Co. v. Gomez*, No. 14-857, 2015 WL 246885 (U.S. May 18, 2015).

There is good cause to grant this motion. Lyft made plaintiff Emily Wolf an offer of judgment under Federal Rule of Civil Procedure 68 that more than fully satisfies her individual claims against Lyft in this action. Wolf rejected that offer, and the offer and her rejection of it render her claims moot and subject to dismissal for lack of subject matter jurisdiction under *Genesis Healthcare Corp. v. Symczyk,* 133 S. Ct. 1523 (2013). Alternatively, if the Court does not dismiss this action, judicial economy would be best served by staying this action until *Campbell-Ewald* is decided, because the Supreme Court's decision will substantially affect (if not outright dispose of) the jurisdictional issues raised by this motion to dismiss.

This motion is based on this notice of motion and motion, the accompanying memorandum of points and authorities, the declaration of Ruth Zadikany filed concurrently herewith, the pleadings, papers and other documents on file in this action, and such other evidence and argument presented to the Court at or prior to the hearing in this matter.

Dated: June 26, 2015                             MAYER BROWN LLP


By: */s/ John P. Zaimes*
John P. Zaimes

Attorneys for Defendant,
LYFT, INC.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. PRELIMINARY STATEMENT

Defendant Lyft, Inc. ("Lyft") moves to dismiss plaintiff Emily Wolf's ("Wolf") Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). In the alternative, Lyft moves to stay this case.

Wolf alleges in her Complaint that she received an SMS text message from Lyft on her cellular telephone once, on January 30, 2015. Compl. ¶ 17. She further alleges as her sole basis for recovery that this message was placed by an "automatic telephone dialing system," for non-emergency purposes, and without her prior express written consent in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. *Id.* ¶¶ 23–25. Wolf seeks statutory damages, injunctive relief and costs.[1] *Id.* at 8, ¶¶ A–D (Prayer for Relief).

Lyft made Wolf an offer of judgment under Federal Rule of Civil Procedure 68 that more than fully satisfies Wolf's own claims against Lyft. Declaration of Ruth Zadikany ("Zadikany Decl."), Exh. A. Wolf has rejected that offer (*id.* at Exh. B), but the offer and her rejection of it render her claims moot and subject to dismissal under *Genesis Healthcare Corp. v. Symczyk,* 133 S. Ct. 1523 (2013).

We recognize that two recent Ninth Circuit cases, *Diaz v. First American Home Buyers Protection Corp.*, 732 F.3d 948 (9th Cir. 2013), and *Gomez v. Campbell-Ewald Co.,* 768 F.3d 871 (9th Cir. 2014), have taken a contrary position on mootness. However, the Supreme Court has recently granted review of this very issue in *Campbell-Ewald Co. v. Gomez*, No. 14-857, 2015 WL 246885 (U.S. May 18, 2015), a case arising in the Ninth Circuit. *Campbell-Ewald* is a TCPA putative class action, and the defendant in *Campbell-Ewald* made an offer of judgment to the named plaintiff in that case, as Lyft did here, that would more than fully satisfy her individual claims.

---

[1] Wolf's Complaint also requests attorneys' fees (*Id.* at 8, ¶ D), but there is no basis under the TCPA for such a claim. 47 U.S.C. § 227(b)(3); *see also, e.g., Lary v. Rexall Sundown, Inc.*, 2015 WL 590301, at *14 (E.D.N.Y. Feb. 10, 2015) (TCPA does not authorize recovery of statutory attorney's fees); *Smith v. Microsoft Corp.*, 297 F.R.D. 464, 469 (S.D. Cal. 2014) (TCPA "does not provide for attorney's fees").

1
LYFT, INC.'S MOTION TO DISMISS OR STAY ACTION; CASE NO. 4:15-CV-01441-JSW

716653235

If the Court does not dismiss this action based on mootness, judicial economy would be best served by staying this action until *Campbell-Ewald* is decided because the Supreme Court's decision in *Campbell-Ewald* will substantially affect (if not outright dispose of) the jurisdictional issues raised by such a motion to dismiss. Lyft therefore moves for a stay in the alternative.

There are a number of authorities in the Ninth Circuit and elsewhere that support such a stay. And although the grant of certiorari in *Campbell-Ewald* is very recent, at least two federal courts faced with nearly identical claims under the TCPA have recognized the significance of the Supreme Court's grant of review in *Campbell-Ewald*, and have entered stays pending the outcome of that case. *See Williams v. Elephant Ins. Co.*, 2015 WL 3631691, at *1 (E.D. Va. May 27, 2015) (entering stay pending outcome of *Campbell-Ewald* and *Spokeo, Inc. v. Robins*, No. 13-1339, 135 S. Ct. 1892 (U.S. Apr. 27, 2015)); Zadikany Decl., Exh. C (*Mey v. Frontier Commc'ns Corp.*, No. 3:13-cv-01191, Dkt. No. 118 (D. Conn. May 26, 2015) (docket entry noting that the court will be entering a stay as to further litigation against the defendant pending the outcome of *Campbell-Ewald*)).[2] In other cases, including a major TCPA multi-district litigation, the parties themselves have recognized that a stay is warranted, have proposed stipulations to that effect, and the courts have approved such stipulations. *See* Zadikany Decl., Exh. D (*In re Monitronics Int'l, Inc. Telephone Consumer Protection Act Litig.*, No. 1:13-md-2493, Dkt. No. 459 (N.D. W.Va. June 17, 2015) (Order Staying Case)); *see also Syed v. M-I LLC*, 2015 WL 3630310, at *1 (E.D. Cal. May 29, 2015) (staying case pending Supreme Court's decision on similar standing issue in *Spokeo v. Robins*).

## II.  BACKGROUND

Defendant Lyft is a mobile phone-based ridesharing platform. It is designed to provide users with a friendly, safe, and affordable transportation option that matches people who need rides to particular destinations with people driving to or through those destinations.[3] Lyft

---

[2]  The Court in *Mey* permitted only limited discovery involving third parties to proceed while halting any discovery or further proceedings against the defendant itself. *See also Mey*, Dkt. No. 120 at 3-4 (D. Conn. June 1, 2015), (Joint Status Report).

[3]  *See* https://www.lyft.com/drivers.

connects riders and drivers via its mobile phone application, the Lyft App. *Id.* Through the Lyft App, passengers can connect with fellow Lyft community members, providing passengers with a transportation alternative that is safe and sustainable. *Id.*

Wolf alleges that on January 30, 2015, she received the following SMS text message from Lyft on her cellular telephone:

> Congrats, you're now a Lyft Pioneer! Help us build the community and enjoy 20 free rides in Philadelphia (up to $20 each) over the next 15 days.

Compl. ¶ 17. She further alleges that, prior to receiving this message, she had absolutely no connection with Lyft, *id.* ¶ 18, and had never provided her prior express written consent, or any other form of consent to Lyft to receive any marketing text messages or calls. *Id.* ¶ 19. Wolf seeks $500 in statutory damages ($1,500 trebled) for this single message, plus injunctive relief, attorneys' fees and costs.

Wolf also seeks to represent a nationwide putative class of:

> All persons within the United States who, on or after October 16, 2013, received a SMS text message to a cellular telephone advertising membership in the 'Lyft Pioneer' program, and for whom Lyft cannot demonstrate prior express written consent.

*Id.* ¶ 28. Wolf seeks further statutory damages on behalf of this putative class for each message received, as well as injunctive relief, attorneys' fees and costs. *Id.* at 8:A–D (Prayer for Relief).[4]

Lyft has made an Offer of Judgment to Wolf pursuant to Federal Rule of Civil Procedure 68.[5] Zadikany Decl., Exh. A. Since Wolf has alleged that she received a single SMS text message on her cellular phone in January 2015, Lyft has offered: (1) to pay Wolf $1,503 for that

---

[4] The TCPA provides for statutory damages of "up to $500 . . . for each . . . violation," which a court may treble in the event that the violation is "willful[]" or "knowing[]." 47 U.S.C. § 227(c)(5).

[5] Federal Rule of Civil Procedure 68 provides, in relevant part: "At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment." Fed. R. Civ. P. 68(a).

message; (2) to pay Wolf pre- and post-judgment interest; (3) to pay all reasonable costs that Wolf would recover if she were to prevail; and (4) to stipulate to the entry of an injunction prohibiting Lyft from sending SMS text messages to Wolf unless she provides prior express written consent to such messages. *Id.* at 1–2. The Offer would thus fully satisfy all of Wolf's own claims against Lyft.[6] Wolf rejected that offer on June 19, 2015. *Id.* Exh., B.

### III. WOLF'S CLAIMS ARE MOOT, AND THIS ACTION SHOULD EITHER BE DISMISSED OR, IN THE ALTERNATIVE, STAYED

The doctrine of mootness stems from Article III of the Constitution. *See, e.g.*, *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-78 (1990). The case-or-controversy requirement subsists through all stages of federal judicial proceedings, and the mootness doctrine ensures that parties "continue to have a personal stake in the outcome of the lawsuit" throughout its duration. *Spencer*, 523 U.S. at 7 (quotation marks omitted). Accordingly, "an actual controversy must be extant at all stages of review," and "[i]f an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Genesis Healthcare Corp.*, 133 S. Ct. at 1528-29 (assuming without deciding that petitioners' Rule 68 offer mooted plaintiff's individual claim).

Under *Genesis Healthcare,* Wolf's failure to accept Lyft's offer of judgment pursuant to Federal Rule of Civil Procedure 68 – despite the fact that it fully satisfies and even exceeds Wolf's claims – renders her claims moot. It therefore precludes her from proceeding with her lawsuit in this Court, either on behalf of herself or a putative class. Lyft recognizes that the Ninth Circuit has ruled to the contrary in *Diaz v. First American Home Buyers Protection Corp.*, 732 F.3d 948 (9th Cir. 2013) and *Gomez v. Campbell-Ewald Co.*, 768 F.3d 871 (9th Cir. 2014). However, *Diaz* and *Campbell-Ewald* cannot be squared with *Genesis Healthcare,* and both are

---

[6] Lyft has not offered Wolf attorneys' fees because the TCPA does not provide for an award of attorneys' fees. *See* 47 U.S.C. § 227. Every court to consider the question has concluded that the TCPA does not authorize recovery of attorneys' fees. *See*, *e.g.*, *Lary*, 2015 WL 590301, at *14 (TCPA does not authorize recovery of statutory attorney's fees); *Smith*, 297 F.R.D. at 469 (TCPA "does not provide for attorney's fees").

therefore likely to be overturned by the Supreme Court's upcoming decision in *Campbell-Ewald*.

Although Wolf's claims have been mooted by an unaccepted offer of judgment, Lyft recognizes that, under current Ninth Circuit precedent, this Court may not yet be able to reach that conclusion. If that is so, the Court can and should stay this action pending the resolution of *Campbell-Ewald*, which is factually and legally on all fours with this matter. Factually, the plaintiff in *Campbell-Ewald*, as in this action, filed a putative class action alleging violations of the TCPA. *See* Pet. for Writ of Certiorari, at 2, *Campbell-Ewald*, 2015 WL 241891. In addition, the defendant in *Campbell-Ewald*, like Lyft here, made a Rule 68 offer of judgment that would have fully satisfied the plaintiff's own claims.

The legal issues in *Campbell-Ewald* that the Supreme Court agreed to decide are also on all fours with this action. As the cert petition indicates, the mootness issue presented to the Supreme Court has two important components, both of which are equally present here: (1) whether an unaccepted Rule 68 offer that would fully satisfy the plaintiff's claims renders the plaintiff's claim moot under Article III, and (2) the significance for Article III purposes of the individual plaintiff's desire to represent a putative class that has not been certified. *See* Pet. for Writ of Certiorari, at 13-23, *Campbell-Ewald*, 2015 WL 241891. As the petition for cert further explains, lower courts have reached conflicting results on both of these components, making the Supreme Court's intervention and clarification all the more important – and worth waiting for. *See id.*; *see also, e.g.*, *Stein v. Buccaneers Ltd. P'ship*, 772 F.3d 698, 703, 707-09 (11th Cir. 2014) (acknowledging the circuit conflict on both issues and the "tension" between the Ninth Circuit's approach and the Supreme Court's decision in *Genesis Healthcare*).

If this case were to proceed now, only to have the Supreme Court later rule that Wolf's claims were mooted by Lyft's Rule 68 Offer of Judgment, all of the time and effort that the parties and this Court would have expended litigating this case further will have been for naught. Judicial economy will clearly best be served by holding this case in abeyance pending the Supreme Court's decision in *Campbell-Ewald*.

This same situation arose just a few years ago when the Supreme Court granted certiorari

in *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740 (2011), and an overwhelming majority of courts entered stays pending the outcome of *Concepcion*. The grant of certiorari in *Concepcion* promised to clarify whether the Federal Arbitration Act preempted state laws that operated to invalidate consumer arbitration agreements. Court after court, including this Court and others in the Ninth Circuit, recognized that the decision in *Concepcion* – much like the upcoming decision in *Campbell-Ewald* – would resolve the threshold question of whether the plaintiffs before them belonged there at all. Therefore, once the Supreme Court agreed to hear *Concepcion,* those courts granted stays. *See, e.g.*, *Cardenas v. AmeriCredit Fin. Servs., Inc.*, 2011 WL 846070, at *2–4 (N.D. Cal. Mar. 8, 2011) (holding that the "orderly course of justice" and "balance of harms" favored a stay pending *Concepcion*); *Cuadras v. MetroPCS Wireless, Inc.*, 2011 WL 227591, at *2 (C.D. Cal. Jan. 21, 2011) (collecting cases granting stays pending a decision in *Concepcion*, and noting that "the weight of authority appears to be decidedly in favor of granting such stays"); *Homa v. Am. Exp. Co.*, 2010 WL 4116481, at *8-9 (D.N.J. Oct. 18, 2010) (explaining that "[a]dvancing this litigation while" *Concepcion* is pending "may be an exercise in futility"); *Kaplan v. AT&T Mobility, LLC*, 2010 WL 4774790, at *1 (C.D. Cal. Sept. 27, 2010) (recognizing that "potential prejudice to the plaintiffs by delay" is "far outweighed by the potential prejudice to defendants that would result from the expense of litigating these claims," and that the "public interest in the preservation of judicial resources also weighs in favor of staying the case"); *see also, e.g.*, *In re Apple iPhone 3G & 3GS MMS Marketing & Sales Practices Litig.*, 864 F. Supp. 2d 451, 454–55 (E.D. La. 2012) (noting that the court had previously stayed the case pending the outcome of *Concepcion*); *Vernon v. Qwest Commc'ns Int'l, Inc.*, 857 F. Supp. 2d 1135, 1140 (D. Colo. 2012) (same).

Equally as important, as noted at the outset of this brief, a clear trend is emerging among the federal courts that have in recent weeks considered requests for stays pending the outcome in *Campbell-Ewald*: By and large, the courts are granting such requests. *See Williams v. Elephant Ins. Co.*, 2015 WL 3631691, at *1 (E.D. Va. May 27, 2015); Zadikany Decl., Exh. C (*Mey*, Dkt. No. 118; *id.*, Exh. D (*In re Monitronics Int'l, Inc. Telephone Consumer Protection Act Litig.*,

Dkt. No. 459 (Order Staying Case); *see also Syed*, 2015 WL 3630310, at *1 (granting a stay pending the Supreme Court's decision on a similar standing issue in *Spokeo v. Robins*).

## IV. CONCLUSION

Wolf's complaint against Lyft should be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). In the alternative, the Court should stay this case pending the Supreme Court's resolution of *Campbell-Ewald*.

Dated: June 26, 2015                          MAYER BROWN LLP

By: */s/ John P. Zaimes*
John P. Zaimes

Attorneys for Defendant,
LYFT, INC.