**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILY WOLF, on behalf of herself and all others similarly situated,<br><br>       Plaintiff,<br><br>  v.<br><br>LYFT, INC.,<br><br>       Defendant.<br>_____ / | No. C 15-01441 JSW<br><br>**ORDER GRANTING, IN PART, AND DENYING, IN PART, LYFT, INC.'S MOTION TO DISMISS OR STAY ACTION AND STAYING ACTION** |

Now before the Court for consideration is the motion to dismiss for lack of subject matter jurisdiction or, in the alternative, to stay this action, filed by Lyft, Inc. ("Lyft"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds the motion suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). The Court VACATES the hearing scheduled for July 31, 2015, and it HEREBY DENIES Lyft's motion to dismiss, but it GRANTS, Lyft's alternative motion for a stay.

**BACKGROUND**

On March 30, 2015, Plaintiff, Emily Wolf ("Wolf"), filed this putative class action against Lyft for violations of the Telephone Consumer Protection Act, 47 U.S.C. sections 227, *et seq.* On June 9, 2015, Lyft made Wolf an Offer of Judgment, pursuant to Federal Rule of Civil Procedure 68. (Declaration of Ruth Zadikany ("Zadikany Decl."), Ex. A ("Offer of Judgment").) According to Lyft, the offer was intended to fully satisfy Wolf's individual claims against Lyft. (Offer of Judgment at 1:28-2:1.) Wolf declined the offer. (Zadikany Decl., Ex. B.)

The Court shall address additional facts as necessary in its analysis.

## ANALYSIS

**A.    The Court Denies the Motion to Dismiss for Lack of Subject Matter Jurisdiction.**

Lyft moves to dismiss for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1), on the basis that Wolf's rejection of Lyft's offer of judgment renders this action moot. A court lacks jurisdiction to hear moot claims. *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1086-87 (9th Cir. 2011); *accord Feldman v. Bomar*, 518 F.3d 637, 642 (9th Cir. 2008). "A case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome of the litigation." *Pitts*, 653 F.3d at 1087. "'The basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted.'" *Siskiyou Regional Educ. Project v. U.S. Forest Service*, 565 F.3d 545, 559 (9th Cir. 2009) (quoting *Serena v. Mock*, 547 F.3d 1051, 1053 (9th Cir. 2008)).

In support of its argument that this case is moot, Lyft relies on *Genesis Healthcare Corp. v. Symczyk*, __ U.S. __, 133 S.Ct. 1523 (2013). In *Genesis Healthcare*, the plaintiff filed a putative collective action under the Fair Labor Standards Act ("FLSA"). When the defendants filed their answer, they also served a Rule 68 offer of judgment on the plaintiff. The district court dismissed the complaint and held that plaintiff's collective action could not proceed. The court of appeals assumed the plaintiff's individual action was moot, but it held the collective action could proceed. *See Genesis Healthcare*, 133 S.Ct. at 1527. The Supreme Court assumed, without deciding, that the unaccepted offer of judgment did moot the plaintiff's individual claims. Because no other plaintiffs had joined the action, the Supreme Court held that the collective action also was moot and that the district court properly dismissed the case for lack of subject matter jurisdiction. *Genesis Healthcare*, 133 S.Ct. at 1529.[1]

---

[1] The plaintiff also made certain concessions in the trial court and the court of appeals that, in general, an offer of complete relief would moot a plaintiff's claims. *See Genesis Healthcare*, 133 S.Ct. at 1529. The Supreme Court also acknowledged a split in authority among the Courts of Appeals as to "whether an unaccepted offer that fully satisfies a plaintiff's claim is sufficient to render the claim moot. . . ." *Id.* However, it did not reach that issue, because it concluded the issue was not properly before the Court. *Id.*

2

Following the Supreme Court's ruling in *Genesis Healthcare*, the Ninth Circuit has held that unaccepted Rule 68 offers do not moot a plaintiff's individual claims. *Diaz v. First American Home Buyers Prot. Corp.*, 732 F.3d 948, 950 (9thc Cir. 2013). It also has held that an unaccepted Rule 68 offer will not moot putative class claims before a plaintiff moves for class certification. *Gomez v. Campbell-Ewald Company*, 768 F.3d 871, 875 (9th Cir. 2014); *cf. Pitts*, 653 F.3d at 1091-92. *Gomez*, like this case, was a putative class action brought pursuant to Federal Rule of Civil Procedure 23. In reaching its conclusion that the plaintiff's claims were not moot, the court noted that *Genesis Healthcare* "emphasizes that 'Rule 23 [class] actions are fundamentally different from collective actions under the FLSA' and, therefore, the precedents established for one set of cases are 'inapplicable' to the other." *Gomez*, 768 F.3d at 875-76 (quoting *Genesis* Healthcare, 133 S.Ct. at 1529). The *Gomez* court, therefore, concluded that because the result reached by the Supreme Court in the *Genesis Healthcare* case was "not clearly irreconcilable with *Pitts* or *Diaz*, this panel remains bound by circuit precedent, and Campbell-Ewald's mootness arguments must be rejected." *Id.* at 876 (internal quotations and citation omitted). The facts in this case are not materially distinguishable from the facts in *Gomez*, and the Court is bound by that decision and by *Diaz* and *Pitts*.

Accordingly, the Court DENIES Lyft's motion to dismiss for lack of subject matter jurisdiction.

**B.    The Court Grants the Motion to Stay.**

On May 18, 2015, the Supreme Court granted a petition for writ of certiorari in the *Gomez* case. *Campbell-Ewald Company v. Gomez*, 135 S.Ct. 2311 (2015). As alternative relief, Lyft moves the Court to stay this action pending the Supreme Court's ruling in *Campbell-Ewald*. "[T]he power to stay proceedings is incidental to the power inherent in every court to control disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "The exertion of this power calls for the exercise of sound discretion." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

//

//

3

The Court considers a number of factors in deciding whether to grant a stay.[2] *Id.* (citing *Landis*, 299 U.S. at 254-55). First, a court may consider the "possible damage which may result from granting a stay." *Id.* Lyft submits a declaration, in which it attests that Wolf should not receive any further text messages from Lyft. (Declaration of Boris Korsunsky, ¶ 2.) Although that does not address injunctive relief for the putative class members, Wolf also statutory damages. Because the delay associated with the stay will be of a limited duration, the Court concludes that this factor weighs slightly in favor of staying this case.

The second factor to consider is the hardship or inequity which a party may suffer in being required to go forward. *CMAX*, 300 F.2d at 268. Lyft argues that it "will be irreparably harmed by being forced to litigate this case if this Court ultimately lacks jurisdiction."[3] (Reply Br. at 5:11-12.) The fact Lyft might be "required to defend a suit, without more, does not constitute a clear case of hardship or iniquity within the meaning of *Landis*." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005) (internal quotations and citation omitted). On balance, the Court finds that this factor is neutral. To the extent both parties could be harmed by continued litigation, that fact weighs in favor of staying this case.

The third factor the Court may consider is "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX*, 300 F.2d at 268. Wolf argues that a stay will not simplify issues, because the Supreme Court granted the petition for writ of certiorari on three issues, one of which has no applicability to this case. However, the other two issues pending before that Court, if resolved in Defendant's favor, would simplify the issues and resolve threshold issues relating to the Court's jurisdiction to consider Wolf's claims, both individually and on a class-wide basis. Further, the Supreme Court will resolve *Campbell-Ewald* in its next term, and the stay will have a finite duration. *Cf. Boise v. ACE USA, Inc.,* 2015 WL 4077433, at *6 (S.D. Fla. July 6, 2015) (finding that

---

[2] Wolf urges the Court to deny the motion to stay solely on the basis that Lyft failed to meet its burden in its opening brief, because it only addressed the third factor. The Court concludes it is appropriate to consider the arguments raised in Lyft's reply brief.

[3] The Court addresses the fact that the Court's jurisdiction to hear this matter is implicated in connection with the next factor.

4

finite duration of stay weighed in favor of granting motion).[4]  The Court concludes the third factor weighs in favor of staying this case.

Accordingly, the Court GRANTS, IN PART, Lyft's motion, and it HEREBY STAYS this litigation pending resolution of the United States Supreme Court's decision in *Campbell-Ewald*. The parties shall file a notice with this Court when the Supreme Court issues its ruling, or otherwise disposes of the *Campbell-Ewald* case.  The Court shall set a case management conference upon receipt of that notice.

**IT IS SO ORDERED.**

Dated: July 20, 2015

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

---

[4] Lyft has submitted a number of decisions where district courts have granted motions to stay. Of those decisions, the *Boise* case is the only case in which the district court set forth its reasoning as to why a stay was appropriate. Accordingly, the Court finds Lyft's reliance on *Williams v. Elephant Ins. Co.*, 2015 WL 3631691, *Mey v. Fronteir Communications Corp.*, No. 3:13-cv-01991, Docket No. 118, (D. Conn. May 26, 2015) (attached as Exhibit C to Zakikany Declaration) unpersuasive.  Lyft also cites to and quotes from *Fauley v. Royal Canin U.S.A., Inc.*, 2015 WL 3622542 (N.D. Ill. May 22, 2015). However, the Court has been unable to locate any case with that case name and citation.

5